UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSH DONLEY,

                Plaintiff,

v.

RONALD FRAKER and SGT. T. SCHNEIDER,

                Defendants.

No. C11-5995 RBL/KLS

ORDER DENYING MOTION TO STAY AND GRANTING MOTION EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS

Presently pending before the Court is Defendants' Motion to Dismiss. ECF No. 14. Defendants move for dismissal of Plaintiff Josh Donley's complaint, arguing that he has failed to exhaust the administrative remedies available to him. *Id.* Defendants filed their Motion to Dismiss on February 2, 2012, and the motion was noted for March 2, 2012, making Plaintiff's response due on February 24, 2012. *Id.* On February 29, 2012, Plaintiff filed a motion entitled "Motion for Extension of Time to File Response to Defendants' Motion to Dismiss" but the motion is actually a request that this matter be stayed while the Court "clarify" a Department of Corrections policy regarding his right to photocopies. ECF No. 15, pp. 3-4. The Court declines to do so. Instead, Plaintiff will be given a short time to file his response to Defendants' motion to dismiss.

**DISCUSSION**

An extension of time should only be granted for good cause and with the Court's consent. Fed. R. Civ. P. 6(b)(1). In his declaration and the facts section of his motion, Plaintiff states that he was denied law library access. However, the record reflects otherwise.

ORDER - 1

Between the filing of Defendants' Motion to Dismiss and the filing of Plaintiff's Motion for Extension of Time, Plaintiff accessed the law library at the Clallam Bay Corrections Center (CBCC) nine times. ECF No. 19-1 (Declaration of Barbara J. Gronseth), Exhibit 1, Attachment C. Plaintiff alleges he was denied access to the law library on February 19, 20 and 22, 2012. ECF No. 15, p. 2. However, he was not scheduled for law library access as requested on February 19 because availability was limited. Moreover, although Plaintiff could have requested "priority access" for additional law library time, he did not submit forms requesting such access. Plaintiff is familiar with the process of obtaining "priority access" because he has done so in the past. When his "priority access" has expired, the Plaintiff was aware he could submit a form to renew his "priority access." Plaintiff did not renew his "priority access" until February 23, 2012. *See id.* (Gronseth Decl.), ¶ 8; Attachments A and B.

On February 20, 2012, the CBCC law library was closed because of the Presidents' Day holiday. *Id.,* at ¶ 9. Plaintiff did not go to the library On February 22, 2012, because he, along with two other offenders, was turned around at the gate when they attempted to move between different sections of the CBCC facility. *Id.,* at ¶ 10. While the exact reason for this is not documented, it is likely because the three offenders were trying to move about the facility after the specified movement period had expired. *Id.* In spite of Plaintiff's complaint that he was unable to attend the library at various times, he admits that his response was ready to file on February 23, 2012. ECF No. 16 (Declaration of Josh Donley), ¶ 5.

By his own admission, therefore, Plaintiff has not been hindered by the alleged denial of library access. Therefore, his claim of denial of library access does not constitute good cause to stay this action or extend his time to file his response.

ORDER - 2

Plaintiff also asserts that the Constitution requires Defendants to pay for photocopies of the statutes and polices that he wishes to attach to his response. He is incorrect. The Constitution does not require Defendants to provide items such as legal supplies and copies to indigent offenders. *See e.g., Gluth v. Kangas,* 951 F.2d. 1504, 1510 (9th Cir. 1991). The "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress...." *United States v. MacCollom*, 426 U.S. 317, 321, 96 S. Ct. 2086, 2089, 48 L. Ed. 2d 666 (1976). The *in forma pauperis* statute, 28 U.S.C. § 1915, provides only for the payment of filing fees and service of process. 28 U.S.C. § 1915 (1982). *See also Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir.1989) (per curiam) (holding that 28 U.S.C. § 1915 does not entitle plaintiffs to "a waiver of witness fees"). In *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011), the Ninth Circuit reiterated the limited role prison authorities have in assisting prisoners with their litigation. Prison authorities are only required to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Silva*, 658 F.3d at 1102 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

Likewise, DOC policy does not require Defendants to provide free copies to Plaintiff. The policies mandate that staff will photocopy "legal pleadings" for offenders and that indigent offenders will be allowed to incur a debt to pay for those pleadings. DOC 590.500, Legal Access For Offenders, VII(A)(1)-(2). Plaintiff does not dispute that DOC staff were willing to photocopy his actual pleadings and mail them out. Instead, he wishes to attach copies of policies, administrative codes and statutes to his response. According to DOC 590.500, "[o]ther documents the offender can demonstrate would be attachments to a legal

ORDER - 3

matter/proceeding" are not legal pleadings under the policy and will only be photocopied if the offender pays for the copies at the time of the request. DOC 590.500, Legal Access For Offenders, VIII(B)(3)(d).

Plaintiff could have filed his response to Defendants' Motion and cited to the statutes and codes he wanted to refer to without attaching them. The Court does not require copies of the statutes and codes. In addition, Plaintiff is responsible for the costs of litigating his lawsuit and he cannot shift his litigation costs on the Defendants.

Accordingly, the Court **ORDERS:**

1) Plaintiff's motion for stay (ECF No. 15) be **DENIED;** however, Plaintiff is granted a short extension of time **until March 26, 2012** to file his response to Defendants' motion to dismiss. Defendants may file a reply on **March 30, 2012.**

2) The Clerk shall **re-note** the motion to dismiss (ECF No. 14) for **March 30, 2012** and send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  14th  day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4