UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSH DONLEY,

                Plaintiff,

  v.

RON FRAKER and SGT. T. SCHNEIDER,

                Defendants.

No. C11-5995 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: May 25, 2012**

Presently before the Court is the motion to dismiss of Defendants Ron Fraker and Tracy L. Schneider pursuant to Fed. R. Civ. P. Rules 12(b) for failure to exhaust administrative remedies as required by the Prisoner Litigation Reform Act (PLRA). ECF No. 14. Defendants also argue that Plaintiff's filing of this action is frivolous and worthy of a "strike" under 28 U.S.C. § 1915(g). Plaintiff has filed a response. ECF No. 21. Having carefully considered the motion and balance of the record, the Court recommends that Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies as required by the PLRA and that the dismissal be counted as a strike under 28 U.S.C. § 1915(g).

**FACTS**

**A.  Plaintiff's Claims**

Plaintiff Josh Donley is an inmate confined within the Washington State Department of Corrections (DOC) at the Clallam Bay Correction Center (CBCC). Mr. Donley alleges that on November 8, 2011, he was mailed a book entitled "The Prisoner's Self Help Litigation Manual." On that same day, Defendant Schneider confiscated the book and Mr. Donley received notice

REPORT AND RECOMMENDATION - 1

that his book had been confiscated as contraband. However, Mr. Donley alleges that he was denied a fair hearing either before or after the book was confiscated. ECF No. 4, at 2-3. He also alleges that the Defendants were attempting to impede his ability to pursue an appeal in the Ninth Circuit and that these actions violated his First Amendment right to "reading material" as well as his Fourteenth Amendment right to due process. *Id.*, at 4.

**B.     DOC Mail Rejection Policy**

The DOC has developed and promulgated a specific procedure for inmates to appeal a mail restriction or rejection, as set forth in DOC Policy 450.100. ECF No. 14-1, Exhibit 1 (Declaration of Tracy Schneider), ¶ 3; *Id.*, Attachment A. The appeals process has two levels. At the First Level Appeal, an offender can appeal the mail rejection to the institution's Superintendent within ten days of receiving a written mail rejection notice. *Id.*, ¶ 4. The superintendent can then "affirm or reverse the action taken at the facility and send notice of the decision to the offender" within ten days of receiving the appeal. *Id.*, Attachment A. At the Second Level Appeal the offender may appeal the Superintendent's decision to the Assistant Secretary of Prisons within ten days of the Superintendent's decision. *Id.*

**C.     Plaintiff's Mail**

On November 8, 2011, a package addressed to Offender Donley #947511 arrived in the CBCC mailroom. The package contained one copy of a book titled *The Prisoner's Self Help Litigation Manual.* ECF No. 14-1, Exhibit 1 (Schneider Decl.), ¶ 6. On Thursday, November 17, 2011, Defendant Schneider received an undated "kite" from Defendant Donley, inquiring as to the status of his package. Defendant Schneider responded "I believe the book didn't contain a receipt. We have been short-handed, which is why your mail is taking awhile." *Id.*, ¶ 7, Attachment C. On November 21, 2011, Defendant Schneider issued a rejection notice for the

REPORT AND RECOMMENDATION - 2

book, stating that the mail was rejected because it did not contain an invoice and therefore did not meet the criteria for approved mail. *Id.*, ¶ 8, Attachment D.

On November 23, 2011, Defendant Schneider received a 'kite' message from Mr. Donley dated November 19, 2011, asking for his book. Defendant Schneider responded, stating that the book had been processed, explained the appeals process and stated that the same book was available in the institution's law library. *Id.*, ¶ 9, Attachment E. On November 29, 2011, Mr. Donley appealed the mail rejection to Superintendent Fraker. *Id.*, ¶ 10, Attachment F (#TLS11-11-046). On December 20, 2011, Superintendent Fraker sent a letter to Mr. Donley, which states in pertinent part:

> In researching your appeal, DOC Policy 450.100, Mail for Offenders; CBCC OM 450.120, Packages for Offenders; and CBCC OM 440.000, Personal Property for Offenders, were reviewed. The restricted package was also reviewed. In reviewing the rejected material, it was determined that it in fact does not contain an invoice/receipt. Per DOC 450.100, Section VIII,A states, '*Offenders may receive publications as follows, **provided they meet the requirements of this policy and facility requirements regarding property retention:** Offenders may receive new books, newspapers, and other publications sent directly from the publisher*'. The delay in the notification of the book being processed was due to the Mailroom being short staffed, and not because any person is taking a personal interest in attempting to interfere with your ability to litigate your case. Further, the book that you are referring to is available for use in the CBCC Law Library. In addition, per CBCC OM 440.000, Personal Property for Offenders, invoices must accompany all incoming packages which exhibit the company name, address, and return policy. The rejected material fails to meet that requirement. However, recent developments have determined that when books are purchased through Amazon by a party other than the receiving party, Amazon will not send an invoice.
>
> For the above stated reasons, your appeal is **granted.** Your book will be sent in to you by Mailroom staff. Please keep in mind that this exception only applies to books received from Amazon.com.

ECF No. 14-1 (Schneider Decl), Attachment G.

REPORT AND RECOMMENDATION - 3

Mr. Donley could have appealed Superintendent Fraker's decision within ten days. He did not do so. ECF No. 14-1 (Schneider Decl.), ¶ 12. On December 1, 2011, just *two* days after he sent his letter to Superintendent Fraker, and before he received the above referenced letter granting his appeal from Superintendent Fraker, Mr. Donley, filed his lawsuit in this Court. ECF No. 4.

**STANDARD OF REVIEW**

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). However, while the court can liberally construe a *pro se* plaintiff's complaint, it cannot supply an essential fact that the plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the motion, all well-pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also, Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c)(1) requires:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

REPORT AND RECOMMENDATION - 4

facility if the court is satisfied the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court can consider the dismissal for failure to exhaust as one for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (treating improper dismissal under Rule 12(b)(1)[jurisdictional dismissal] as one under Rule 12(b)(6)).

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) mandates that:

> *No action shall be brought with respect to prison conditions* under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e [emphasis added].

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007). Inmates must exhaust their prison grievance remedies before filing suit if the prison grievance system is capable of providing any relief or taking any action in response to the grievance. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The underlying premise is that requiring exhaustion "reduce[s] the quantity and improve[s] the quality of prisoner suits, [and] affords corrections officials an opportunity to address complaints

REPORT AND RECOMMENDATION - 5

internally. . . . In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 525.

Requiring proper exhaustion serves all of the goals of the rulings in *Nussle* and *Booth*, providing inmates an effective incentive to use the prison grievance system and thereby provides prisons with a fair opportunity to correct their own mistakes. *Woodford v. Ngo*, 548 U.S. 81, 93-94, 126 S. Ct. 2378 (2006). This is particularly critical to state corrections systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." *Id.* at 94 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 [1973]). Courts have a limited role in reviewing the difficult and complex task of modern prison administration. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 [1987]) (urging a policy of judicial restraint as prison administration requires expertise, planning and the commitment of resources, all of which are the responsibility of the legislative and executive branches).

The exhaustion requirement applies to all claims in a complaint; it is not enough to exhaust administrative remedies as to some claims and then use that exhaustion as a jurisdictional hook on which to hang unexhausted claims in a federal civil rights action. *See Graves v. Norris,* 218 F.3d 884, 885 (8th Cir. 2000); *accord Terrell v. Brewer,* 935 F.2d 1015, 1018-19 (9th Cir. 1991) (in prisoner action brought under *Bivens* where only a portion of the claims had been exhausted, "the proper remedy [was] dismissal without prejudice"). This total exhaustion rule best promotes the purposes of the exhaustion requirement, which include

REPORT AND RECOMMENDATION - 6

allowing a prison to take responsive action, filtering out frivolous cases, and creating administrative records. *See Porter,* 534 U.S. at 523-25.

It is undisputed that DOC has a well-established mail rejection appeals process. It is also undisputed that Mr. Donley failed to exhaust the appeals process regarding rejection of his mail. The record reflects that on November 21, 2011, Mr. Donley received the mail rejection notice for the book in question. ECF No. 4, at 3; ECF No. 14-1 (Schneider Decl.), ¶ 8. On November 29, 2011, Mr. Donley's timely first level mail rejection appeal (dated November 24, 2011) was received by Superintendent Fraker. ECF No. 14-1, at ¶ 10. To complete the appeals process, Mr. Donley would have had to appeal to the Assistant Secretary of Prisons within ten days of the superintendent's decision, if the Superintendent's decision did not provide him with the relief he sought. Instead, on December 1, 2011, Mr. Donley filed his complaint in this action. ECF No. 4. Less than three weeks later, Mr. Donley received a favorable determination of his appeal and the mail department was directed to give him his book. ECF No. 14-1 (Schneider Decl), Attachment G. Mr. Donley did not exhaust his claims prior to filing this lawsuit and provides no valid reason why he should be excused from doing so.

Defendants argue that Plaintiff's claims should be dismissed *with* prejudice because Plaintiff has already had the opportunity to exhaust and he cannot now exhaust his administrative remedies as his time for filing a second level appeal has now passed. The Court agrees that in a case like this one–where a plaintiff files suit just a few weeks before he received a favorable determination on his first level appeal–the logical remedy is dismissal with prejudice because dismissal without prejudice will simply allow the plaintiff to file his frivolous action over and over again. See, e.g., *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (exhaustion must be done in a timely manner, consistent with prison policies.). However, the

REPORT AND RECOMMENDATION - 7

Court finds no authority in this Circuit to dismiss a case for failure to exhaust remedies under the PLRA *with prejudice* based on such a time bar. Failure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal *without* prejudice. *City of Oakland, Cal. v. Hotels.com LP,* 572 F.3d 958, 962 (9th Cir. 2009) (emphasis added). The Ninth Circuit has held that if the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal *without* prejudice. *Wyatt,* 315 F.3d at 1119-20; *O'Guinn v. Lovelock Correctional Center,* 502 F.3d 1056, 1059 (9th Cir. 2007) (emphasis added). However, dismissal without prejudice is no bar to a finding that the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

**C.  Plaintiff's Actions Merit a "Strike"**

The "strike" provision of the PLRA, 28 U.S.C. § 1915(g), provides courts with the means "to deter frivolous prisoner litigation." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). A court can impose a strike even where a case is dismissed without prejudice, including where an inmate has failed to exhaust his administrative remedies. *See O'Neal v. Price*, 531 F.3d 1146, 1155-56 (9th Cir. 2008) (citing *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) ("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.")). Here the Court does not reach the merits of Mr. Donley's claims and is recommending dismissal on procedural grounds alone. The undersigned concludes, however, that the imposition of a strike is appropriate due to the frivolous circumstances surrounding Mr. Donley's filing of this action.

The Court also takes note of Mr. Donley's prior litigation activities provided by Defendants, which Mr. Donley does not dispute. While incarcerated, Mr. Donley has filed at least 18 other civil rights actions, including at least one that has been dismissed for failure to

REPORT AND RECOMMENDATION - 8

exhaust administrative remedies and two others which are "strikes." *See Donley v. Brain, et. al.*, C10-5013-LRS (E.D. Wash., closed April 20, 2010) (dismissed for failure to exhaust administrative remedies and includes Rule 11 warning about the false statements in Plaintiff's complaint. ECF No. 15); *Donley v. Daniel, et. al.*, C11-5001-CI (E.D. Wash., closed June 14, 2011) **("This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims."** ECF No. 11 (emphasis in original); (*Donley v. Daniel et. al.*, C10-5117-RMP (E.D. Wash., closed April 4, 2011) **("This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims."** ECF No. 13 (emphasis in original); (*Donley v. Trump, et. al.,* C94-5612-RJB (E.D. Wash., closed December 2, 1994); *Donley v. Wright, et. al.*, C94-5622-RJB (W.D. Wash., closed September 28, 1995); *Donley v. Cooper, et. al.*, C10-5011-EFS (E.D. Wash., closed September 22, 2010); *Donley v. Benton County Corrections*, C10-5012-EFS (E.D. Wash., closed April 30, 2010); *Donley v. Daniel*, C10-5014-LRS (E.D. Wash., closed May 3, 2010); *Donley v. Benton County Corrections*, C10-5015-JLQ (E.D. Wash., closed April 16, 2010); *Donley v. Daniel*, C10-5016-JPH (E.D. Wash., closed April 8, 2010); *Donley v. Benton County Corrections.*, C10-5017-JPH (E.D. Wash., closed April 5, 2010); *Donley v. Brain, et. al.*, C10-5043-CI (E.D. Wash., closed August 26, 2011); *Donley v. Benton County Corrections Medical System*, C10-5044-CI (E.D. Wash., closed June 15, 2010); *Donley v. Daniel*, C10-5066-LRS (E.D. Wash., closed September 8, 2010); *Donley v. Peters*, C10-5070-JPH (E.D. Wash., closed September 8, 2010); *Donley v. Daniel*, C10-5075-EFS (E.D. Wash., closed August 13, 2010); *Donley v. Munoz*, C10-5118-JLQ (E.D. Wash., closed December 15, 2010); *Donley v. Munoz*, C10-5133-RMP (E.D. Wash., closed November 16, 2010).

REPORT AND RECOMMENDATION - 9

This history of litigation, and specifically the previous dismissal for failure to exhaust, previous Rule 11 warning and potential other "strikes" all indicate that Mr. Donley is quite familiar with the pleading requirements for a civil rights action.

In this case, Mr. Donley did not wait even two days for a mail rejection appeal decision before filing suit in this Court. If he had waited, this case would not have been proper because the appeals process worked in his favor and Mr. Donley received his package. Considered as a whole, Mr. Donley's actions are, at the very least, frivolous. Imposing a § 1915(g) "strike" under these circumstances is merited and appropriate.

## CONCLUSION

The undersigned recommends that Defendant's motion to dismiss (ECF No. 14) be **GRANTED** and that Plaintiff's claims against the Defendants be **dismissed without prejudice** for failure to exhaust and that the **dismissal be counted as a strike under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 25, 2012**, as noted in the caption.

**DATED** this   30th   day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10